# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| CHRISTOPHER MONTGOMERY, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> RICHARD BROWN, Superintendent, ) <br> ) <br> Respondent. ) | No. 2:16-cv-0108-WTL-MJD |

## Entry Discussing Petition for Writ of Habeas Corpus and Denying Certificate of Appealability

Christopher Montgomery seeks habeas corpus relief. Having considered pleadings and the expanded record, the Court finds for the reasons explained in this Entry that the habeas petition must be denied and this action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

## Background

Montgomery is serving the executed portion of sentences imposed following his convictions for Murder and for Neglect of a Dependent. These convictions arose from the murder and mistreatment of four-year-old Elijah Simpson, the son of Montgomery's girlfriend Courtney Simpson, during the early morning hours of March 30, 2007. The convictions were affirmed on appeal in *Montgomery v. State,* 2008 WL 5062780 (Ind.Ct.App. Dec. 2, 2008), *trans. denied.* A subsequent and limited direct appeal (sometimes hereafter "the second direct appeal") resulted in

the appellate court concluding, in part, that the exclusion of certain evidence at trial was the proper ruling. *Montgomery v. State,* 21 N.E.3d 846 (Ind.Ct.App. Nov. 21, 2014)("The issues on appeal are limited to issues related to the introduction of 404(b) evidence. . . . The trial court recognized that the sole issue at trial was who inflicted the blunt force trauma that killed Elijah and found that evidence of Courtney's pattern of abuse of Elijah was not admissible to show that she committed the offenses unless Montgomery could show that Elijah's death was caused by a pattern of abuse. He failed to do so, and indeed evidence was presented that he confessed to detectives that he threw Elijah to the ground in a manner consistent with the injury causing death.").

## Applicable Law

Montgomery now seeks relief pursuant to 28 U.S.C. § 2254(a). This statute authorizes a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* The scope of the Great Writ is limited because a viable habeas claim pursuant to § 2254(a) necessarily precludes a claim which is not based on alleged noncompliance with federal law. *See Wilson v. Corcoran,* 131 S. Ct. 13, 16 (2010) ("But it is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts."). His petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See Lindh v. Murphy,* 521 U.S. 320, 336 (1997).

"[U]nder AEDPA, federal courts do not independently analyze the petitioner's claims; federal courts are limited to reviewing the relevant state court ruling on the claims." *Rever v. Acevedo,* 590 F.3d 533, 536 (7th Cir. 2010). As one court has explained, "[i]t is this Court's obligation to focus "on the state court decision that previously addressed the claims rather than the petitioner's freestanding claims themselves." *McLee v. Angelone,* 967 F.Supp. 152, 156 (E.D.Va.

1997). "Under the current regime governing federal habeas corpus for state prison inmates, the inmate must show, so far as bears on this case, that the state court which convicted him unreasonably applied a federal doctrine declared by the United States Supreme Court." *Redmond v. Kingston,* 240 F.3d 590 (7th Cir. 2001) (citing 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362 (2000); *Morgan v. Krenke*, 232 F.3d 562 (7th Cir. 2000)). "A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner." *Brown v. Payton,* 544 U.S. 131, 141 (2005) (internal citations omitted). "The habeas applicant has the burden of proof to show that the application of federal law was unreasonable." *Harding v. Sternes,* 380 F.3d 1034, 1043 (7th Cir. 2004) (citing *Woodford v. Visciotti,* 537 U.S. 19, 25 (2002)).

"The AEDPA's standard is intentionally 'difficult for Petitioner to meet.'" *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (per curiam) (quoting *White v. Woodall*, 134 S. Ct. 1702 (2014); *Metrish v. Lancaster*, 133 S. Ct. 1781, 1786 (2013)). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

## Discussion

The first step under § 2254(d)(1) is "to identify the 'clearly established Federal law, as determined by the Supreme Court of the United States' that governs the habeas petitioner's claims." *Marshall v. Rodgers,* 133 S. Ct. 1446, 1449 (2013) (citing *Williams v. Taylor,* 529 U.S. at 412; *Knowles v. Mirzayance,* 556 U.S. 111, 122 (2009)).

Montgomery's first habeas claim is his challenge to the sufficiency of the evidence as to the murder conviction. The controlling federal law on this subject is the "rigorous" standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979): "evidence, viewed in the light most favorable to the State, is sufficient to support a conviction so long as any rational trier of fact could find the essential elements of the offense to have been proved beyond a reasonable doubt." *Jones v. Butler*, 778 F.3d 575, 581 (7th Cir. 2015). Therefore, "[f]ederal review of these claims . . . turns on whether the state court provided fair process and engaged in reasoned, good-faith decisionmaking when applying *Jackson*'s 'no rational trier of fact' test." *Gomez v. Acevedo*, 106 F.3d 192, 199 (7th Cir. 1999).

The Indiana Court of Appeals addressed this claim in Montgomery's direct appeal, and in doing so first explained its standard:

> When considering a challenge to the sufficiency of evidence, we neither reweigh the evidence nor judge witness credibility. *McHenry v. State,* 820 N.E.2d 124 (Ind. 2005). This review "respects 'the [fact-finder]'s exclusive province to weigh conflicting evidence.'" *Id.* at 126 (quoting *Alkhalidi v. State,* 753 N.E.2d 625, 627 (Ind. 2001)). Considering only the probative evidence and reasonable inferences supporting the verdict, we must affirm "'if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt.'" *McHenry v. State,* 820 N.E.2d at 126 (quoting *Tobar v. State,* 740 N.E.2d 109, 111–12 (Ind. 2000)).

*Montgomery v. State*, 899 N.E.2d 760, *2 (Ind.Ct.App. 2008). The Indiana Court of Appeals then summarized the evidence which reasonably supported the verdict:

> The evidence shows that Montgomery picked up a small child, lifted him to a height of at least five feet above the floor, and then dashed him to the floor flat on his back with a force equivalent to a serious automobile accident—a force that would have been what the doctor who performed the autopsy on Elijah termed a "major" force. *Transcript* at 284. The force was so great, in fact, that it caused a fracture of Elijah's left occipital skull—a bone that in a four-year-old child is supple and requires great force to fracture. Montgomery slammed Elijah down in this manner against a tile floor, which of course provided no cushion for the blow. Under these circumstances, Montgomery's intent to kill Elijah may reasonably be inferred beyond a reasonable doubt.

*Id.* The foregoing analysis by the Indiana Court of Appeals demonstrates that it engaged in reasoned, good-faith decisionmaking when applying the *Jackson*-compatible standard to Montgomery's challenge to the sufficiency of the evidence. First, it set forth the state analog to the *Jackson* standard and what the State was required to prove the conviction for murder—specifically, that the child's death was caused by the blunt force trauma of being thrown to the floor and then that Montgomery acted with a sufficiently culpable state of mind. This was an assessment of the evidence compatible with the federal *Jackson* standard and was a reasonable application of that standard. And because it was a reasonable application of the controlling federal standard, "[u]nder AEDPA . . . it cannot be disturbed." *Hardy v. Cross,* 132 S. Ct. 490, 495 (2011).

Montgomery's second habeas claim is that his right to present a defense was violated by the trial court's exclusion of what the parties have described as the Rule 404(b) evidence, this being Courtney's pattern of abuse of Elijah. On February 20, 2008, Montgomery filed a Notice to the Court of Intent to use 404(b) Evidence regarding evidence of a pattern of abuse engaged in by Courtney against Elijah, which he stated was "relevant and admissible as evidence of [her] guilt, motive, identity, bias and interest." The trial court held a hearing on the issue and ultimately ruled that although some of the evidence was admissible, including evidence that Courtney had battered Elijah a week prior to his death and that Elijah had a cut/bruise on his forehead at the time of his death, it also ruled that most of the proffered evidence was not admissible.

Insofar as this is merely a challenge to a ruling on the admissibility of evidence, no federal habeas review is permitted. *Tyson v. Trigg,* 883 F.Supp. 1213, 1218 (S.D.Ind. Sept. 6, 1994)("Issues relating to the admissibility of evidence in a state criminal trial are generally resolved under state law. . . . Therefore, a federal court issues a writ of habeas corpus only when a state evidentiary ruling violates the defendant's due process rights through the denial of a

fundamentally fair trial or violates some other specific constitutional protection.")(internal citations omitted). In this vein, therefore, Montgomery's challenge to the evidentiary ruling, treated as solely as an assertion of error of state law, is dismissed as legally insufficient. *See Swarthout v. Cooke,* 131 S. Ct. 859, 861 (2011)("federal habeas corpus relief does not lie for errors of state law").

"While the exclusion of significant defense evidence implicates constitutional values, a defendant [asserting such a claim] must show that his interest clearly outweighs the state's before [this court] will interfere with routine procedural matters. Evidence of little importance, whether merely cumulative or of little probative value, will almost never outweigh the state interest in efficient judicial process." *Tyson,* 883 F.Supp. at 1218 (internal citations and quotations omitted). The Supreme Court has "defined the category of infractions that violate 'fundamental fairness' very narrowly." *Dowling v. United States,* 493 U.S. 342, 352 (1990).

The respondent is correct in distinguishing the evidence Montgomery hoped to introduce (Courtney's pattern of abuse toward Elijah) and the actual cause of death. The State's theory at trial was that Elijah died from a single incident of blunt force trauma. The evidence supported this theory, whereas Montgomery did not muster evidence that Elijah died from a pattern of abuse by Courtney toward Elijah. The divergence between Montgomery's defense effort and the evidence as to the cause of Elijah's death shows that the trial court's rejection of Montgomery's defense effort was a reasonable exclusion of information which would not have shown a different cause of death than that which the State had alleged and which the evidence supported. The exclusion of this information as irrelevant was not an unreasonable application of controlling federal law.

Montgomery's third habeas claim is that he was denied the effective assistance of counsel in the second direct appeal. Montgomery's contentions regarding this claim are that counsel should

have argued that the proper remedy would have been a new trial rather than a second direct appeal and should have argued the Rule 404(b) evidence claim more effectively.

The federal constitution guarantees a criminal defendant the effective assistance of counsel on appeal. *Evitts v. Lucey,* 469 U.S. 387, 396 (1985). Claims of ineffective assistance of appellate counsel are measured against the same standard as those dealing with ineffective assistance of trial counsel established in *Strickland v. Washington,* 466 U.S. 668 (1984). *Howard v. Gramley,* 225 F.3d 784, 789–90 (7th Cir. 2000). A petitioner who contends that appellate counsel rendered ineffective assistance must show that the failure to raise an issue on direct appeal was objectively unreasonable and that the decision prejudiced petitioner in the sense that there is a reasonable probability that his case would have been remanded for a new trial or that the decision of the state trial court would have been otherwise modified on appeal. *Id.* at 790.

This claim was not decided by the Indiana state courts. Accordingly, it is decided *de novo* here, without AEDPA deference. *See Villanueva v. Anglin*, 719 F.3d 769, 777 (7th Cir. 2013).

Montgomery's *Strickland* claim fails with respect to each prong of the ineffective assistance of counsel test. As to the remedy, the Indiana Court of Appeals explained that the post-conviction court had erred in ordering a new direct appeal rather than a new trial, but that Montgomery had suffered no prejudice "because . . . we find that the trial court did not abuse its discretion when it excluded certain evidence." *Montgomery v. State,* 21 N.E.3d at 857. The second direct appeal provided the review on the merits of the claim omitted from the first direct appeal. That review, as has been made clear, correctly and reasonably found that the trial court's Rule 404(b) ruling was correct. Montgomery fails to show that any different argument on this claim would have produced a different result. In other words, Montgomery would not have prevailed in securing a new trial if the Rule 404(b) evidence claim had been included in the first direct appeal

and "[c]ounsel is not ineffective for failing to raise meritless claims." *Warren v. Baenen*, 712 F.3d 1090, 1104 (7th Cir. 2013); *see also United States v. Stewart*, 388 F.3d 1079, 1085 (7th Cir. 2004) ("Stewart's counsel cannot have been ineffective for failing to pursue what we have concluded would have been a meritless [claim]."); *Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996) ("Failure to raise a losing argument, whether at trial or on appeal, does not constitute ineffective assistance of counsel."). As to the Rule 404(b) argument, Montgomery has not identified a stronger argument than that which was made in his second direct appeal.

## Conclusion

A federal habeas court's role in reviewing state prisoner applications was modified by the AEDPA—"drastically changed," *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001)--"in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693 (2002). As the Supreme Court stated, "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Burt v. Titlow,* 134 S. Ct. 10, 16 (2013). The first and second habeas claims do not warrant relief in light of the deferential standard required by the AEDPA. *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) ("A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision.")(quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The third claim, to which AEDPA deference does not apply, likewise does not warrant relief. Having thus applied the appropriate standards of review, and having considered the pleadings and the expanded record, Montgomery's petition for writ of habeas corpus must be denied.

Judgment consistent with this Entry shall now issue.

**Certificate of Appealability**

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that Montgomery has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

IT IS SO ORDERED.

Date: 2/1/17

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

CHRISTOPHER MONTGOMERY
129996
WABASH VALLEY CORRECTIONAL FACILITY
Electronic Service Participant – Court Only